UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

MARCOS A. MARTINEZ, Administrator of the Estate of    \*
JEFFREY MARTINEZ,    \*
   \*
                 Plaintiff    \*
   \*
v.    \*
   \*
WILLIAM HUBBARD, BERNARD HICKS, ROBERT    \*   C.A. NO.
P. COLBURN, DONALD CAISEY, SCOTT ROBY    \*
PAUL HAYWARD, CARLOS MARTINEZ, BERNARD    \*
DOYLE, STEPHEN M. BORBEE, DAVID WILLIAMS,    \*
STEVEN DODD, THOMAS SETTIPANI, CITY OF    \*
BOSTON POLICE DEPARTMENT, and EDWARD    \*
DAVIS, in his capacity as COMMISSIONER of the    \*
BOSTON POLICE DEPARTMENT,    \*
   \*
                 Defendants    \*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

This is an action brought pursuant to 42 U.S.C. § 1983 against the Boston Police Department and several of its officers for civil rights violations and common law torts, arising out of the unlawful pursuit of an automobile causing a serious accident and fatal injuries to Jeffrey Martinez, as a result of conduct by Boston Police Officers William Hubbard, Bernard Hicks, Robert P. Colburn, Donald Caisey, Scott Roby, Paul Hayward, Carlos Martinez, Bernard Doyle, Stephen M. Borbee, David Williams, Steven Dodd and Thomas Settipani without probable cause on October 1, 2006.

The defendant Officers violated the state and federal civil Jeffrey Martinez by illegally stopping him, unlawfully pursuing the motor vehicle in which Jeffrey Martinez was traveling, and otherwise tortiously injuring Mr. Martinez.

The claims against the Boston Police Department and its Commissioner arise from its failure to train, supervise and discipline defendant Officers Hubbard, Hicks, Colburn, Caisey, Roby, Hayward, Martinez, Doyle, Borbee, Williams, Dodd and Settipani thereby giving them the message that they could misuse their authority as police officers and that such conduct would be tolerated or ignored.

PARTIES

1. Plaintiff Marcos Martinez, at all times relevant hereto, is an individual with a usual residence in Rosindale, Massachusetts, entitled to protections of the United States Constitution and the Massachusetts Declaration of Rights.

2. The defendant, Boston Police Department is a department of the city of Boston and was the employer of each of the individual defendants William Hubbard, Steven Dodd, Bernard Hicks, Robert Colburn, Donald Caisey, Scott Roby, Paul hayward, Carlos Martinez, Bernard Doyle, Stephen Borbee, David Williams, Thomas Settipini, at all times pertinent hereto.

3. Defendant Edward Davis in his capacity as Commissioner of the Boston Police Department, all times relevant hereto, was duly appointed and an acting officer of the Boston Police Department.

4. Defendants William Hubbard, Bernard Hicks, Robert P. Colburn, Donald Caisey, Scott Roby, Paul Hayward, Carlos Martinez, Bernard Doyle, Stephen M. Borbee, David Williams, Steven Dodd and Thomas Settipani, at all times relevant hereto, were duly appointed and acting officers of the Boston Police Department.

-2-

## STATEMENT OF FACTS

5. At approximately 1:48 a.m. on October 1, 2006, Officer William Hubbard initiated a traffic stop on a 1990 grey Acura Integra at the intersection of Columbia Road and Geneva Ave, Dorchester, Massachusetts.

6. Officer Hubbard initiated the traffic stop for a minor traffic violation, an alleged crack in the vehicle's windshield, and no other reason.

7. Officer Hubbard had no reason to stop the vehicle, suspect the plates on the car were stolen, or believe that any crime had been committed, other than his alleged claim that the vehicle's "windshield was cracked."

8. Officer Hubbard had no probable cause to stop the vehicle nor any reason to suspect the driver and passengers of criminal activity, except that the vehicle was occupied by minority youths.

9. Four youths were traveling in the car, with Daniel Rodriguez driving and Jeffrey Martinez, 15 years old at the time, one of three passengers, sitting on the front seat.

10. As Officer Hubbard approached the stopped vehicle, it began to drive away. Officer Hubbard returned to his police cruiser and began a pursuit that rapidly escalated into a high speed chase.

11. Officer Hubbard continued to pursue the vehicle, for approximately three miles at high speeds, until he lost control of his cruiser and collided with a curb.

12. Numerous other Boston Police Officers, including, defendants Bernard Hicks, Robert P. Colburn, Donald Caisey, Scott Roby, Paul Hayward, Carlos Martinez, Bernard Doyle, Stephen M. Borbee, David Williams and Stephen Dodd, under the direction of Sergant Thomas Settipani via radio transmission, joined and engaged the high speed pursuit.

-3-

13. Neither Officer Hubbard, nor any of the other responding officers, had any reason to pursue the vehicle and, in doing so, broke numerous procedures set forth by the Boston Police Department and created a dangerous situation for all involved.

14. The defendant officers' aggressive pursuit scared driver Daniel Rodriguez, who in a panicked state drove faster and faster, ultimately losing control of his vehicle, which eventually crashed.

15. The direct and proximate case of the crash was the conduct of the defendant officers, individually or directly, by causing defendant Rodriguez to panic and drive recklessly or by striking the Rodriguez vehicle.

16. Jeffery Martinez, the front seat passenger, was injured and transported to Brigham and Women's hospital, where he was pronounced dead at 2:25 a.m.

17. Officer Hubbard recognized a need to cover up their unlawful pursuit of Mr. Martinez, and to this end, they fabricated events which were later related in a police report or reports. The fabricated events included that Officer Hubbard initially stopped the vehicle because its "windshield was broken."

18. Jeffrey Martinez suffered fatal injuries due to the conduct of the individual defendants as well as that of the Boston Police Department.

19. As a result of the violation of Mr. Martinez's civil rights, Mr. Martinez was deprived of his liberty, suffered fatal physical injuries and was caused mental suffering, monetary damages and other damages.

-4-

## STATEMENT OF CLAIMS

### COUNT I

### ASSAULT AND BATTERY

21. The plaintiff reavers and realleges each of the preceding paragraphs as if specifically restated herein.

22. The defendant police officers Hubbard, Hicks, Colburn, Caisey, Roby, Hayward, Martinez, Doyle, Borbee, Williams, Dodd and Settipani jointly and severally assaulted and battered the plaintiff, by ensuing in a high speed chase with the motor vehicle Jeffrey Martinez was traveling in, without justification and resulting in a crash and collision that caused severe fatal injuries to the plaintiff's person.

23. As a direct and proximate result of the acts of the defendants, Jeffrey Martinez was deprived of his liberty and was caused great physical and mental suffering, great humiliation, monetary damages and other damages.

### COUNT II

### VIOLATION OF 42 U.S.C. § 1983

24. The plaintiff reavers and realleges each of the preceding paragraphs as if specifically restated herein.

25. The conduct of defendants Hubbard, Hicks, Colburn, Caisey, Roby, Hayward, Martinez, Doyle, Borbee, Williams, Dodd and Settipani described in part herein violated plaintiff's Federal civil rights, including but not limited to the right against illegal search and seizure, the right to due process of the law, the right to equal protection under the law and the right to security of the person.

-5-

26. Defendants Hubbard, Hicks, Colburn, Caisey, Roby, Hayward, Martinez, Doyle, Borbee, Williams, Dodd and Settipani violated the plaintiff's civil rights while acting under color of law.

27. As a direct and proximate result of the violations of Jeffrey Martinez's Federal civil rights by defendants Hubbard, Hicks, Colburn, Caisey, Roby, Hayward, Martinez, Doyle, Borbee, Williams, Dodd and Settipani , plaintiff was deprived of his liberty and was caused physical and mental suffering, great humiliation, monetary damages and other damages.

## COUNT III

## VIOLATION OF M.C.R.A. ch. 12 § 11I

28. The plaintiff reavers and realleges each of the preceding paragraphs as if specifically restated herein.

29. The conduct of defendants Hubbard, Hicks, Colburn, Caisey, Roby, Hayward, Martinez, Doyle, Borbee, Williams, Dodd and Settipani violated the civil rights of the plaintiff as guaranteed by the United States Constitution and the Massachusetts Declaration of Rights, including but not limited to, the right to be free from unreasonable searches and seizures, the right to due process of the law, the right of equal protection under the law and the right to security in one's person, causing damage for which the plaintiff is entitled to recover.

30. As a direct and proximate result of the violations of plaintiff Martinez's civil rights by defendants Hubbard, Hicks, Colburn, Caisey, Roby, Hayward, Martinez, Doyle, Borbee, Williams, Dodd and Settipani, plaintiff Martinez was deprived of his liberty and was caused physical and mental suffering, great humiliation, monetary damages and other damages.

## COUNT IV

### NEGLIGENCE BY THE INDIVIDUAL DEFENDANTS

31. The plaintiff reavers and realleges each of the preceding paragraphs as if specifically restated herein.

32. The individual defendants Hubbard, Hicks, Colburn, Caisey, Roby, Hayward, Martinez, Doyle, Borbee, Williams, Dodd and Settipani owed a duty to exercise reasonable care before engaging in high speed chases of motor vehicles. This duty of care was breached by the individual defendants proximately causing plaintiff loss and damage.

33. The individual defendants knew or should have known that it was against departmental policy to engage in a high speed motor vehicle chase under the circumstances. The individual defendants were negligent in failing to foresee potential consequences of chasing a motor vehicle at a high rate of speed. This negligence by the individual defendants proximately caused plaintiff loss and damage.

34. At all times pertinent hereto, the individual defendants were acting within the scope of their employment as Boston Police officers.

35. The City of Boston as employer of the individual defendants is vicariously liable for the intentional and/or negligent acts of its employees.

36. Written demand was made on the Chief Executive Officers of the defendant Boston Police Department, Boston Massachusetts pursuant to M.G.L. ch. 258 in February of 2008, which demand has not been met by a reasonable offer of settlement.

## COUNT V

### NEGLIGENT SUPERVISION

37.  The plaintiff reavers and realleges each of the preceding paragraphs as if specifically restated herein.

38.  Defendants Boston Police Department and Commissioner Edward Davis owed a duty of care to the plaintiff and to all citizens of the Commonwealth to train, supervise and discipline their police officers properly and reasonably.  As a part of this duty, the defendants Boston Police Department and Edward Davis had a duty to make sure proper standards were in place for making traffic stops, instituting high speed pursuits, investigating police misconduct, and disciplining officers who engaged in misconduct.

39.  Defendants Boston Police Department and Commissioner Davis breached said duty by failing to properly train, supervise and discipline the defendants, defendants Hubbard, Hicks, Colburn, Caisey, Roby, Hayward, Martinez, Doyle, Borbee, Williams, Dodd and Settipani.

40.  These failures delivered a message to the defendants that there would be no departmental sanctions for engaging in misconduct.

41.  As a direct and proximate result of these breaches of duty by defendants Boston Police Department and Commissioner Davis, plaintiff Jeffrey Martinez was deprived of his liberty and was caused physical and mental suffering, great humiliation, monetary damages and other damages.

42.  Demand was made on the Commissioner of the Boston Police Department and Boston Mayor Thomas Menino pursuant to M.G.L. ch. 258, which demand has not been met by a reasonable offer of settlement.

-8-

## COUNT VI

### VIOLATION OF 42 U.S.C. § 1983 - BOSTON POLICE DEPARTMENT

43.  The plaintiff reavers and realleges each of the preceding paragraphs as if specifically restated herein.

44.  Defendants, Boston Police Department and its Commissioner's policies or customs fail to train, supervise, investigate and discipline police officers properly and reasonably.

45.  These policies or customs evinced a deliberate indifference on the part of the Boston Police Department and its Commissioner to the constitutional rights of plaintiff Martinez and to all persons present in the Commonwealth.

46.  By delivering a message to defendants Hubbard and Dodd that there would be no departmental sanctions for engaging in misconduct, these policies or customs of the Boston Police Department and its Commissioner caused the deprivation of plaintiff Martinez's Federal civil rights, including but not limited to the right against unreasonable searches and seizures, the right to due process of the law, the right to equal protection under the law and the right to security of the person.

47.  As a result of the violation of plaintiff Martinez's civil rights caused by defendants, the Boston Police Department and its Commissioner, plaintiff Martinez was deprived of his liberty and was caused physical and mental suffering, great humiliation, monetary damages and other damages.

-9-

WHEREFORE, the plaintiff requests that this court grant him judgment, jointly and severally against each of the defendants, in such amount as is reasonable and just, plus such costs, attorneys fees, punitive damages and interest as he is entitled by law.

## PLAINTIFF HEREBY INVOKES HIS RIGHT TO TRIAL BY JURY.

Respectfully submitted,
Plaintiff by his counsel,

Date: 8/25/09

Andrew M. Fischer
BB0# 167040
JASON & FISCHER
47 Winter Street
Boston, MA 02108
(617) 423-7904

Martinez\complaint

-10-